UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SEAPLANE ENTERPRISES LLC and NIELSON BROWN, | ) ) ) ) |  |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 23-10707-FDS |
| CHEN TSUI TUE and DIANA QIAN, | ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, C.J.**

This is a dispute arising out of a motor vehicle collision. Plaintiffs Neilson Brown and Seaplane Enterprises LLC have brought suit against Chen Tsui Tue, Diana Qian, Avis Car Rental LLC, and Mercury Insurance Services LLC, seeking reimbursement for property damage. Jurisdiction is based on diversity of citizenship.

Defendant Qian has moved to dismiss the complaint against her for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion will be granted.

**I.    Background**

**A.    Factual Background**

The facts are set forth as alleged in the first amended complaint ("FAC").

According to the amended complaint, on May 22, 2022, Neilson Brown parked his 2017 Mercedes van, with an attached trailer and boat, on the side of the road on Route 6 in Provincetown, Massachusetts. (FAC ¶¶ 8-10). Brown was parked legally and had his hazard

lights flashing. (*Id.* ¶ 10).

Earlier that same day, Chen Tsui Tue and Diana Qian rented a 2021 Honda Accord from Avis Car Rental LLC and drove the vehicle to Provincetown. (*Id.* ¶¶ 11, 13). Chen was the driver and Qian was the insurance policy holder. (*Id.* ¶¶ 11-12). While driving the vehicle, Chen collided with the parked vehicles, "causing significant damage." (*Id.* ¶13-14). According to the police report, Chen "told the officer who arrived on scene that he was traveling approximately 55 miles per hour at the time" of the collision. (*Id.* ¶14).

The complaint also alleges that Brown used the boat involved in the collision "for marketing purposes for his business Seaplane located in Provincetown." (*Id.* ¶ 16). In fact, "Seaplane's online sales, and all local marketing, depend heavily on photos captured on [that] [b]oat in Provincetown." (*Id.* ¶ 17). As a result, the collision "not only caused significant property damage, but it took the [b]oat out of commission causing significant damage to online sales of Seaplane." (*Id.* ¶ 20). The complaint contends that Brown and Seaplane have incurred at least $108,044 in damages. (*Id.* ¶¶ 21-22).

**B.      Procedural Background**

On January 16, 2023, plaintiffs Seaplane Enterprises LLC and Neilson Brown filed this action in the Barnstable County Superior Court against defendants Chen Tsui Tue, Diana Qian, Avis Car Rental LLC, and Mercury Services LLC. On April 3, 2023, Chen and Qian removed the action to this court pursuant to 28 U.S.C. § 1441(a) and § 1446.

On April 17, 2023, plaintiffs filed an amended complaint against all four defendants. The amended complaint asserts five counts: (1) a negligence claim against Chen Tue Tiu, (2) a negligent entrustment claim against Diana Qian, (3) a request for declaratory judgment against Mercury Instance Services LLC, (4) a request for a determination of liability against Avis Car Rental LLC, and (5) a request to impose a finding of joint and several liability against all

defendants.

Qian has moved to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.    Standard of Review

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III.   The Claim for Negligent Entrustment (Count 2)

Count 2 alleges that "[p]laintiffs have suffered personal property and business damages" as a "direct result of the negligent entrustment" by defendant Qian. (FAC ¶ 33). Qian contends that the complaint fails to state a claim for negligent entrustment because it does "nothing more" than "merely recit[e] . . . the elements of the cause of action." (Docket No. 12, 5). Plaintiffs have not opposed Qian's motion.

Under Massachusetts law, in order to prevail on a claim of negligent entrustment, "the plaintiff must establish that (1) the defendant entrusted a vehicle to an incompetent or unfit person whose incompetence or unfitness was the cause of the plaintiff's injuries; (2) the persons who owned and controlled the vehicle gave specific or general permission to the operator to drive the automobile; and (3) the defendant had actual knowledge of the incompetence or unfitness of the operator to drive the vehicle." *Picard v. Thomas*, 60 Mass. App. Ct. 362, 369 (2004); *see also Phoung Luc v. Wyndham Mgmt. Corp.,* 496 F.3d 85, 92 n.7 (1st Cir. 2007).

Here, the complaint simply asserts in conclusory fashion that "[a]s Mr. Chen's wife, Ms. Quin had direct and actual knowledge of his incompetence and inability to drive the Honda Accord." (FAC ¶ 31). The complaint offers no plausible factual allegations to suggest that Chen was "incompetent or unfit" to drive or that Quin knew of Chen's alleged incompetence. The complaint does not allege, for example, that "Chen was not properly licensed to drive, that he had a poor driving record or any prior accidents, was habitually intoxicated or under the influence of any intoxicating substances, or that he was afflicted with any medical condition making him unfit to drive." (Docket No. 12, 5). Accordingly, the motion to dismiss Count 2 will be granted.

### A.   The Claim for Joint and Several Liability (Count 5)

Count 5 alleges that defendant Qian is "jointly and severally liable to [p]laintiffs" with the other named defendants as a "joint tortfeasor." (FAC ¶ 45). Because the complaint fails to state a claim against Qian for negligent entrustment and does not allege any other claims against her, she is not a "tortfeasor" subject to joint and several liability in this action. As a result, the motion to dismiss Count 5 as to defendant Qian will be granted.

### IV.   Conclusion

For the foregoing reasons, the motion to dismiss of defendant Diana Qian is GRANTED.

**So Ordered.**

                                                /s/ F. Dennis Saylor IV  
                                                F. Dennis Saylor IV  
Dated:  February 22, 2024                 Chief Judge, United States District Court